UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH FRYE                                                                                        PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:11CV-655-S

THE CORDISH COMPANY                                                                          DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, the Cordish Company, to dismiss the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (DN 5). The plaintiff, Kenneth Frye, proceeding in this matter *pro se*, has failed to respond to the motion.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

Frye alleges that on June 2, 2011 he was refused entry to Fourth Street Live for wearing a sleeveless shirt while women wearing sleeveless shirts were admitted. Frye filed suit in the

Jefferson County, Kentucky, Circuit Court claiming that the incident constituted "gender discrimination and hate," and that he was "emotionally hurt." A number of orders issued by the state court granted Cordish Company's motions that Frye provide a more definite statement of his claims. He was twice required to "identify the specific statute or other law forming the basis for his gender discrimination claim." (Civ. No. 11-CI-05128, 10/17/11 Order). Frye's stated in his third version of the complaint[1] that his claim is based upon *"Price Waterhouse v. Hopkins,"* which the defendant then ascertained may be found at 490 U.S. 228 (1989).

As noted by the Cordish Company, the *Price Waterhouse* case involved a gender discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. "Courts, logically enough, consistently hold that Title VII contemplates some employment relationship..." *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158 (5th Cir. 1986). As he is not and never has been an employee of the Cordish Company, Frye has no viable Title VII claim against the Cordish Company.[2]

Frye's claim has no facial plausibility. Therefore, under *Iqbal, supra*, the complaint must be dismissed. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

January 13, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

---

[1]Denominated "Amendment of Amendment of Amended Complaint."

[2]Further, exhaustion of administrative remedies is a prerequisite to the filing of a Title VII claim in federal court (*Scott v. Eastman Chemical Co.,* 275 Fed.App. 466, 470-71 (6th Cir. 2008), *citing Weigel v. Baptist Hospital of E. Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002), something Frye clearly did not do.